IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CHARLES BROOKS, | ) | |
| Petitioner, | ) | Civil Action No. 7:06cv00441 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| UNITED STATES OF AMERICA, et al., | ) | By: Samuel G. Wilson |
| Respondents. | ) | United States District Judge |

Petitioner, Charles Brooks, filed this 28 U.S.C. § 2241 motion alleging a deprivation of due process rights because he was denied a supervised release revocation hearing. This matter is before the court on respondent's motion to dismiss. The court finds that Brooks has now received his supervised release revocation hearing and therefore this action is moot. Accordingly, the court grants respondent's motion to dismiss.

**I.**

On March 25, 1995, Brooks was sentenced by this court to five years incarceration followed by 5 years supervised release. After Brooks was released from federal custody in 1999, an arrest warrant was issued against him on September 17, 2001 for violating the terms and conditions of his supervised release. On September 19, 2001, the U.S. Marshals Service placed a detainer against him with the Augusta County Jail, Staunton, Virginia, regarding the arrest warrant. On July 17, 2006, Brooks filed the instant habeas corpus proceeding seeking a speedy resolution of the detainer. Thereafter, on October 25, 2006, Brooks had an initial appearance before this court regarding the arrest warrant charging him with violating the terms of his supervised release. See Minute entry for proceeding at Criminal Case No. 3:00cr00025, Docket # 11. He then had his final hearing regarding the revocation of his supervised release on November 27, 2006. See Minute entry for proceeding at Criminal Case No. 3:00cr00025, Docket # 15. Brooks was present at both proceedings and appeared with counsel at the final hearing. The court issued a judgment, revoking his supervised release, on December 1, 2006. See Judgment at

Criminal Case No. 3:00cr00025, Docket # 16. Brooks has not filed an appeal.

## II.

Generally, "a case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496 (1969). Thus, when changes occur during the course of litigation that eliminate the petitioner's interest in the outcome of the case or the petitioner's need for the requested relief, the case must be dismissed as moot. See Friedman's Inc. v. Dunlap, 290 F.3d 191, 197 (4th Cir. 2002) ("[O]ne such circumstance mooting a claim arises when the claimant receives the relief he or she sought to obtain through the claim."). Here, the appropriate remedy for a delayed revocation hearing is for the court to compel the Parole Commission to hold the hearing. See Sutherland v. McCall, 709 F.2d 730, 732 (D.C. Cir. 1983); Sacasas v. Rison, 755 F.2d 1533, 1535-1536 (11th Cir. 1985); Berg v. U.S. Parole Commission, 735 F.2d 378, 379 n.3 (9th Cir. 1984). Because Brooks has now received his supervised release revocation hearing, his petition is moot.

## III.

For the reasons stated herein, the court grants respondent's motion to dismiss.

**ENTER**: This 12th day of January, 2007.

United States District Judge